```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RACHEL DENISE SPAIN                                               MEMORANDUM & ORDER

                                                                  07-CV-1776 (NGG)
                                Plaintiff,

        -against-

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                                Defendant.
----------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Rachel Spain ("Spain") brings this action against Defendant Michael Astrue, Commissioner of the Social Security Administration ("Commissioner"), under 42 U.S.C. § 405(g), seeking review and reversal of a final agency determination denying her March 23, 1992 application for Title II Social Security Disability Benefits. (See Compl. (Docket Entry #1).) Plaintiff claims that the Commissioner's decision is not supported by substantial evidence and is based on errors of law. Both parties move for judgment on the pleadings. Fed. R. Civ. P. 12(c).

## I.     BACKGROUND

Spain applied for Social Security Benefits on March 23, 1992. (Administrative Record (Docket Entry # 10) ("R.") 94-106.) She claimed that multiple impairments rendered her disabled since December 1, 1989. (R. 806.) Spain last met the eligibility requirements for disability benefits on December 31, 1991. Spain may therefore collect Disability Insurance Benefits under Title II only if she was disabled on or before December 31, 1991. (Id.)

After an initial hearing and remand by the Social Security Appeals Council, Administrative Law Judge ("ALJ") Seymour Fier found that Spain was not disabled on or before

1

December 31, 1991. (R. 22.) He found that Spain's health issues, including depression and anxiety, hypertension and heart disease, alcohol and drug addiction, and an ankle injury were not medically determinable impairments. The Social Security Appeals Council did not review the decision.

In Spain v. Apfel, No. 97-CV-7418 (EHN) (E.D.N.Y. Aug. 23, 2000) ("Spain I"), Spain appealed Judge Fier's decision. Judge Nickerson agreed that Spain was not disabled because of depression and anxiety or because of alcohol and drug addiction, but remanded Spain's disability claims based on hypertension and heart disease and her ankle injury. He found that Judge Fier's conclusions with respect to those conditions were not supported by substantial evidence. Judge Nickerson ordered the ALJ to further develop the record.

On remand from Judge Nickerson's order, ALJ Michael London found that Spain suffered severe impairments, but ruled that she was not disabled. (R. 285.) He found that Spain's residual functional capacity ("RFC") allowed her to perform a broad range of sedentary work on or before December 31, 1991 and, therefore, denied her claims.

Spain again pursued judicial review in district court. See Spain v. Barnhart, No. 02-CV-4605 (FB), 2003 WL 21254782, (E.D.N.Y. May 29, 2003) ("Spain II"). In that case, Judge Block held that the ALJ did not appropriately weigh the record medical evidence and opinions from Spain's treating sources and consultative sources. Judge Block remanded the case for a reassessment of Spain's RFC. In doing so, Judge Block also directed the Commissioner to consider newly produced medical records and to acquire additional medical records.

On remand from Judge Block's order, the ALJ found that, on or before December 31, 1991, Spain had a RFC to "stand or walk 1 to 2 hours in an 8-hour day, sit 6 to 8 hours in an 8-hour day, and lift, carry, push, or pull up to 10 pounds occasionally, and bend, kneel, stoop,

2

crawl and climb up and down stairs occasionally." (R. 819.) All the parties agree that the ALJ's RFC assessment is correct. (See R. 819; Plaintiff's Reply Mem. (Docket Entry # 28) 1; Commissioner's Mem. (Docket Entry # 27) 23.)

Because Spain's RFC limited her from performing any of her past relevant work, the ALJ analyzed Spain's impairments under step five of the Social Security Administration's decision procedure and concluded that she could perform a significant range of sedentary work. Applying medical-vocational rule 201.27, 20 C.F.R. Pt. 404, Subpt. P, App. 2, the ALJ concluded that Spain was not disabled, given her age, education, work experience, and RFC. (R. 818.) The ALJ also concluded that Spain's capacity for a full range of sedentary work was not significantly compromised by additional nonexertional limitations, even though "she would have had to avoid bending, kneeling, stopping, crawling or climbing up and down stairs on more than an occasional basis."

The parties do not contest Spain's vocational factors of age, education, and work experience: she had a high school education, had no transferable skills from any past relevant work, and was thirty-five years old on December 31, 1991. (R. 819.) Nor do the parties contest that Spain's nonexertional limitations did not significantly compromise her ability to work. (See Pl. Mem. (Docket Entry # 25) 44.)

In this action, Spain challenges the Commissioner's finding that she was not disabled on two grounds. First, Spain argues that the Commissioner did not properly weigh the opinions of Dr. Adelglass, Spain's treating physician. Second, Spain argues that the Commissioner's decision is not supported by substantial evidence because her residual functional capacity in combination with her nonexertional limitations compel a finding that she is disabled under step five.

3

## II. DISCUSSION

### A. Standard of Review

A district court reviews a Commissioner's determination that a claimant is not disabled for substantial evidence and for legal error. Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

The Commissioner's findings of fact are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted). The court's review of the administrative record is plenary. Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). The court "considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Id.

The Commissioner's decision must also apply the appropriate legal standards. See Shaw, 221 F.3d at 131. Failure to do so is grounds for reversal. Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984).

### B. Legal Standards for Disability Claims

Claimants who are under the age of 55 and have insured status are eligible for disability insurance benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." See 42 U.S.C. § 423(d)(1)(A). The impairment must be "of such severity that [the claimant] . . . cannot, considering his age, education, and work experience, engage in any . . . substantial gainful work which exists in the national economy." See 42 U.S.C. § 423(d)(2)(A).

The Commissioner applies a five-step sequential analysis to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520. First, the Commissioner determines whether the claimant is working in a substantial gainful activity; if so, the claimant is not disabled. 20 C.F.R. § 404.1520(4)(i). Second, the Commissioner determines whether the claimant suffers a severe impairment; if not, the claimant is not disabled. 20 C.F.R. § 404.1520(4)(ii). Third, the Commissioner determines whether the claimant's impairment meets or equals one of the impairments set forth in 20 C.F.R. Part 404, Subpart P, App. 1; if so, the claimant is disabled. 20 C.F.R. § 404.1520(4)(iii). Fourth, the Commissioner assesses the claimant's RFC and then determines whether the claimant can engage in his or her previous work.[1] 20 C.F.R. § 404.1520(4)(iv). Fifth, the Commissioner assesses whether the claimant can make an adjustment to perform any other work, considering the claimant's age, education, work experience, and RFC. 20 C.F.R. § 404.1520(4)(v).

"The claimant has the general burden of proving that he or she has a disability within the meaning of the Act . . . and bears the burden of proving his or her case at steps one through four." Burgess v. Astrue, 537 F.3d 117, 128 (2d. Cir. 2008) (internal quotations and citation omitted). At step five the burden shifts to the Commissioner. Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009).

Until 2003, a claimant had the burden to show her RFC at step four, after which the burden shifted to the Commissioner at step five, "such that the claimant's [RFC] was determined again de novo with the Commissioner now bearing the burden of proof." Moulding v. Astrue, No. 08-CV-9824(HB), 2009 WL 3241397, at *6 n.11 (S.D.N.Y. Oct. 8, 2009) (discussing Curry v. Apfel, 209 F.3d 117, 122-23 (2d Cir. 2000)).

---

[1] The RFC measures a claimant's ability to work. It represents the most that a claimant can do despite his or her limitations. See 20 C.F.R. § 404.1545(1)-(3). It is based on "all the relevant medical and other evidence." 20 C.F.R. § 404.1545(3).

New regulations, effective on August 23, 2003, limit the Commissioner's burden at step five.[2] See 20 C.F.R. 404.1560(c); Poupore, 566 F.3d at 306. The Commissioner's step-four RFC determination (with the claimant bearing the burden of proof) now controls at both steps four and five. Moulding, 2009 WL 3241397, at *6 n.11 (discussing Poupore, 566 F.3d at 306). The Commissioner applies the RFC determination from step four to meet his burden at step five. Id.

Using the claimant's RFC, the Commissioner must then show at step five that "there is other gainful work in the national economy which the claimant could perform." Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004).

### C. Spain's Treating Physician's Opinions

Spain argues that the ALJ did not appropriately weigh Dr. Adelglass's opinions about her impairments and her disability. But whether the ALJ appropriately weighed his opinions is not an issue in this case.

Under the treating physician rule, the Social Security Administration gives controlling weight to a claimant's treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2). But opinions that a claimant is disabled are not given any special deference. 20 C.F.R. § 404.1527(e). The ultimate disability determination is reserved for the Commissioner. Id. Nevertheless, these opinions are not ignored. See Social Security Ruling 96-5p, Medical Source Opinions on Issues Reserved to the Commissioner, 1996 WL 374183, at *4 (1996).

---

[2] The Second Circuit expressly left open the question of whether the new regulations apply retroactively to disability claims arising and filed before the regulation's effective date. See Poupore, 566 F.3d at 306. This court does not reach this question because all parties agree on Spain's RFC.

In this case, Spain expressly accepts the ALJ's RFC assessment as an "uncontested fact." (Pl. Reply Mem. 1.) The RFC assessment is the ALJ's ultimate finding of what a claimant can do, despite his or her limitations. It is based on all the relevant evidence in the case record, including medical opinions from treating physicians. See 20 C.F.R. § 404.1545 (a)(3); SSR 96-5p, 1996 WL 374183 at *4-5. By accepting the ALJ's RFC assessment—as an uncontested fact—Spain logically forecloses challenging how the ALJ determined it. Spain's challenge to the ALJ's RFC analysis is mooted by accepting the final product of that analysis.

Spain's challenge that the ALJ did not appropriately weigh Dr. Adelglass's opinion that she was disabled since 1989 is similarly without merit. Whether a claimant is disabled is an administrative finding reserved for the Commissioner. See 20 C.F.R. 404.1527(e). Medical opinions that a claimant is disabled are not entitled to any special deference, even though the ALJ must consider them in assessing a claimant's RFC. SSR 96-5p, 1996 WL 374183 at *5. Because Spain accepts the ALJ's RFC assessment, the weight that the ALJ assigned this particular opinion is no longer an issue in this case.

### D. Spain's Impairments

At the first four steps of the disability determination process the ALJ found (i) that Spain had not engaged in substantial gainful activity since her alleged disability onset date; (ii) that her right ankle impairment and hypertensive vascular disease were severe; (iii) that those impairments did not meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1; and (iv) that her RFC prevented her from performing any of her past relevant work. (R. 818-19.) The parties do not challenge these findings. The parties' dispute centers on the fifth step.

7

In "ordinary cases" the Commissioner meets the step-five burden of showing that a claimant cannot engage in substantial gainful work "by resorting to the applicable medical vocational guidelines . . . , 20 C.F.R. Pt. 404, Subpt. P, App. 2." Rosa v. Callahan, 168 F.3d 72, 78 (2d Cir. 1999). "Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00.

But a medical-vocational rule does not apply when any of these findings do not coincide with all the criteria of the rule. Id. In these cases, the "medical-vocational rules must be used as a framework for considering the extent of any erosion of the sedentary occupational base." Social Security Ruling 96-9p, Determining Capability To Do Other Work, Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work, 61 Fed. Reg. 34478, 34481 (July 2, 1996).

> Where there is more than a slight impact on the individual's ability to perform the full range of sedentary work, if the adjudicator finds that the individual is able to do other work, the adjudicator must cite examples of occupations or jobs the individual can do and provide a statement of the incidence of such work in the region where the individual resides or in several regions of the country.

Id.

In his decision, the ALJ applied the Social Security Administration's medical-vocational rules to conclude that "section 404.1459 and rule 201.27 of appendix 2 to Subpart P, Regulations No. 4 would direct a decision of 'not disabled,'" based on Spain's exertional capacity for sedentary work and her vocational factors. (R. 819.) The ALJ stated that "within the framework of [this] rule, it is my decision that [Spain] is not under a disability . . . on or before December 31, 2991." (Id. at 818) The ALJ did not further analyze Spain's disability within a step five "framework."

Medical-vocational rule 201.27 directs a decision of "not disabled" for claimants who are between 18 and 44 years old, have at least a high school level of education, are unskilled, and have a RFC limited to perform sedentary work. 20 C.F.R. Pt. 404, Subpt. P, App. 2. Sedentary work, in turn,

> involves lifting no more than 10 pounds at a time and <u>occasionally</u> lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (emphasis added). Within this definition, the Social Security Administration states that "'[o]ccasionally' means occurring from very little up to one-third of the time, and would generally total no more than about 2 hours of an 8-hour workday. Sitting would generally total about 6 hours of an 8-hour workday." SSR 96-9p, 61 Fed. Reg. at 34480.

Exclusive reliance on Rule 201.27 can satisfy the Commissioner's burden at step five only if Spain's RFC and vocational factors coincide with all the factors of the rule. See 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00. Spain's vocational factors coincide with the rule. And Spain does not contest that her nonexertional limitations do not significantly compromise her ability to work. (Pl. Mem. 44.) All parties agree that Spain's RFC assessment is accurate. Accordingly, the only issue is whether Spain's RFC, in combination with her nonexertional limitations, properly classifies her as capable of performing a full range of sedentary work. It does not.

Spain's RFC differs from the Social Security Administration's definition of sedentary work in a critical respect. Spain can only stand or walk one to two hours a day. The Social Security Administration states that sedentary work requires individuals to stand or walk "no more than about 2 hours" a day. SSR 96-9p, 61 Fed. Reg. at 34480. In all other respects Spain's

RFC coincides with the requirements of sedentary work. Spain argues that this disparity, in combination with her otherwise insignificant nonexertional limitations, precludes the Commissioner from satisfying his step-five burden by relying on Rule 201.27.

In circumstances where a claimant cannot perform the full range of sedentary activity, the Social Security Administration states the following:

> The full range of sedentary work requires that an individual be able to stand and walk for a total of approximately 2 hours during an 8-hour workday. If an individual can stand and walk for a total of slightly less than 2 hours per 8-hour workday, this, by itself, would not cause the occupational base to be significantly eroded. Conversely, a limitation to standing and walking for a total of only a few minutes during the workday would erode the unskilled sedentary occupational base significantly. For individuals able to stand and walk in between the slightly less than 2 hours and only a few minutes, it may be appropriate to consult a vocational resource.

SSR 96-9p, 61 Fed. Reg. at 34481-82.

Applying the Social Security Administration's reasoning, the court finds that Spain's ability to walk or stand for only one to two hours a day significantly erodes her occupational base. One hour is half of the two hours. It is not the same as approximately two hours, as stated in the Social Security Administration's guidance document. See id. Her ability to perform the full range of sedentary work is significantly eroded by this limitation. It follows that Spain's occupational base is not properly classified as sedentary.

For this reason, the Commissioner cannot satisfy his burden at step five by exclusively applying medical-vocational rule 201.27. See SSR 96-9p, 1996 WL 374185, at *4. The Commissioner should have applied the rule as a framework for his step-five analysis. Id. When a claimant cannot "perform the full range of sedentary work . . . the adjudicator must cite examples of occupations or jobs the individual can do and provide a statement of the incidence

of such work in the region where the individual resides or in several regions of the country." Id. at *5. The Commissioner did not apply a framework approach and has not met his burden.

### D. Disposition

Finding that the Commissioner has not sustained his burden, the court can either remand the case for further proceedings or remand it solely for a calculation of benefits. See Butts, 388 F.3d at 385-87. Remand is the proper remedy when the administrative record contains gaps in evidence. See Rosa, 168 F.3d at 82-82. Where "the ALJ failed to develop the record sufficiently to make appropriate disability determinations, a remand for further findings that would so plainly help to assure the proper disposition of the claim is particularly appropriate." Butts, 388 F.3d at 386 (internal quotations and alterations omitted). By contrast, if there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision," remand for a calculation of benefits is appropriate. Rosa, 168 F.3d at 83.

In this case, the ALJ did not attempt to adduce evidence of whether Spain could perform any particular occupations in light of her impairments. It appears that the ALJ did not adequately develop the record in this regard because he exclusively relied on the medical-vocational rules. For this reason, it is not apparent that a more complete record could not support the Commissioner's decision. Further findings would help assure that Spain's disability claim is properly decided. Accordingly, the court remands this case to the Social Security Administration to further develop the record in conformity with a framework approach at step five.

## III. CONCLUSION

Because this case has been pending for over seventeen years, the court imposes the following time limits on the Commissioner's remand. See Butts, 388 F.3d at 387. Further proceedings before an ALJ shall be completed within 60 days. If that decision is a denial of

11

benefits, the Commissioner shall render a final decision within 60 days of Spain's appeal, if any. If these deadlines are not observed, a calculation of benefits owed Spain must be made immediately. For the foregoing reasons, both Spain's and the Commissioner's Motions for Judgment on the Pleadings are denied.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      November 24 2009

NICHOLAS G. GARAUFIS
United States District Judge